IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY TORVINEN,

    Plaintiff,

v.    Civil Action No. 1:23-cv-____
    Hon.

**COMPLAINT**

SEATTLE SERVICE BUREAU, INC.,

    Defendant.
_____/

Roger G. Cotner, Esq. (P36539)
COTNER LAW OFFICES
Attorney for Plaintiff
PO Box 838.
Grand Haven, MI 49417-1336
616-846-7153
roger@cotnerlaw.us

_____/

### Introduction

1. Plaintiff Jeffrey Torvinen brings this action to secure redress against unlawful collection practices by Defendant debt collector, which practices violate the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Michigan Collection Practices Act ("MCPA"), M.C.L, § 445.251 *et seq.*

1

## Jurisdiction and Venue

2. This Court has jurisdiction under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692k (d); and 28 U.S.C. §§ 1331 and 1337. This Court has supplemental jurisdiction regarding Plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because Defendant transacts business here, the pertinent events took place here, and Plaintiff resides here.

## Parties

3. Plaintiff Jeffrey Torvinen is a natural person who resides in Delta County, Michigan. At all relevant times, Mr. Torvinen has been a "consumer" and "person" as that term is defined by 15 U.S.C. § 1692a(3). Mr. Torvinen is a "consumer," "debtor" and "person" as the terms are defined and used in the MCPA. Mr. Torvinen is a person whom the MCPA was intended protect, M.C.L. §445.251(d).

4. Defendant Seattle Service Bureau, Inc., is a Washington for-profit corporation, registered to conduct its debt collection business in Michigan as a foreign profit corporation. Defendant Seattle Service Bureau, Inc., has also filed a Certificate of Assumed Name in Michigan for its assumed name "National Service Bureau". CT Corporation System, Inc. is the registered agent authorized to accept service on behalf of Defendant at 2900 West Road, Suite 500, East Lansing, Michigan 48823.

5. Defendant regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

2

7. Defendant is a "debt collector" as the term is defined and used in the FDCPA.

8. Defendant is a "regulated person" as the term is defined and used in the MCPA.

9. At all relevant times, Defendant directly and indirectly participated in the efforts to collect an alleged debt from Plaintiff as described below in this complaint.

## Factual Allegations

10. On August 8, 2021, Mr. Torvinen operated a 2012 Polaris Ranger off-road vehicle in Silver Lake State Park's 500-acre Silver Lake ORV Area - the only sand dune riding opportunity east of the Mississippi River.

11. At approximately 1:30 p.m. on August 8, 2021, Mr. Torvinen's off-road vehicle collided with another vehicle operated by Paul Kramer while in the off-road vehicle area on a sand dune.

12. The collision did not occur on a highway or street. A copy of a map of Silver Lake State Park is attached as Exhibit A with an "X" depicting the approximate location of the collision.

13. Mr. Torvinen's off-road vehicle was titled, had ORV and ORV stickers, but was neither registered nor required to be registered.

14. The parties reported the collision and filed a police report detailing the facts leading up to, during, and after the crash, a redacted copy of which is attached at Exhibit B. Upon information and belief, the police report erroneously notes the date of

3

the collision as August 7, 2021.

15. Mr. Torvinen carried no insurance coverage for his off-road vehicle at the time of the collision.

16. Mr. Kramer reported insurance coverage of his registered vehicle through "State Mutual". *Id.*

17. On or about July 27, 2022, Mr. Torvinen received correspondence from the Defendant, notifying him of an "INSURANCE CLAIM, $24693.13 **IMMEDIATE ATTENTION REQUIRED**". Exhibit C.

18. This alleged "insurance claim" is a debt arising "out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a (5).

19. Defendant's correspondence falsely referenced claim as a "subrogation claim". *Id.*

20. Mr. Kramer's insurer had no "subrogation claim" against Mr. Torvinen because the collision did not occur on a highway or street. M.C.L. § 3101(1).

21. Mr. Kramer's insurer had no "subrogation claim" against Mr. Torvinen because Mr. Torvinen's off-road vehicle is not considered a "motor vehicle." M.C.L. § 3101(3)(iv).

22. A one-year statute of limitations barred any "subrogation claim" that Mr. Kramer's insurer may have had against Mr. Torvinen. M.C.L. § 500.3146.

23. Defendant's correspondence falsely referenced the "DATE OF LOSS: 06-08-21". *Id.*

4

24. Defendant represented the claim was assigned to it by its client, State Farm Insurance Company. *Id.*

25. Defendant's correspondence did NOT provide Mr. Torvinen with the mini-Miranda required by 15 U.S.C. § 1692e (11).

26. On or about August 20, 2022, Mr. Torvinen wrote to Defendant, disputed the debt, and requested validation of the alleged debt.

27. Defendant continued its illegal collection efforts against Mr. Torvinen after his dispute and validation request. On or about August 29, 2022, Defendant sent Mr. Torvinen a "**5-DAY NOTICE**", a copy of which is attached at Exhibit D and incorporated here. Defendant's continued its illegal collection efforts prior to its validating the alleged debt in violation of 11 U.S.C. § 1692g (b).

28. Defendant's "5-Day Notice" falsely stated that "any request for claim verification may not prevent possible suspension of your driver's license and removal of your vehicle license plate registration." *Id.*

29. Defendant's 5-Day Notice required Mr. Torvinen to respond within "5 BUSINESS DAYS" or Defendant "may request **SUSPENSION OF YOUR DRIVER'S LICENSE**, and also **REMOVAL OF YOUR VEHICLE LICENSE PLATE REGISTRATION**".

30. On or about November 11, 2022, Defendant provided Mr. Torvinen with certain documents purporting to respond to Mr. Torvinen's August 20, 2022, request for validation of the alleged debt. A copy of the response is attached at Exhibit E and incorporated here.

31. The response falsely referred to the date of alleged loss as June 8, 2021.

32. The response attempts to proscribe Mr. Torvinen's First Amendment rights, as follows: "If the reader of this cover page in (*sic*) not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication of the information contained in this communication is strictly prohibited."

33. As a result of Defendant's violations of the FDCPA, MCPA and other laws, Mr. Torvinen has suffered and continues to suffer very significant and severe damages that include, but are not limited to, anger, frustration, worry, stress, upset, and other negative emotions, and other emotional distress.

34. As a result of Defendant's abusive collection and other illegal actions, Mr. Torvinen has sustained significant monetary losses in the form of his costs and time associated with corresponding with Defendant in attempts to either validate or dispute the alleged debt.

## Summary

35. Defendant's abusive collection actions against Mr Torvinen violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §s 1692d, 1692d (1), 1692e, 1692e (2), 1692e (5), 1692e (10), 1692e (11), 1692f, 1692f (1), and 1692g (b), amongst others.

36. Defendant's abusive collection actions against Mr. Torvinen violated numerous and multiple provisions of the MCPA, including but not limited to M.C.L. §§ 445.252 (d), (e), (f), (n) and (q).

## Trial by Jury

37. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

## Causes of Action

### Count I.
### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. §§ 1692 *et seq.*

38. Plaintiff incorporates the above paragraphs here.

39. In enacting the Fair Debt Collection Practices Act, Congress made a specific finding as follows:

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

15 U.S.C. § 1692.

40. The FDCPA, at 15 U.S.C. § 1692d, prohibits any conduct, the natural consequence of which is to harass, oppress, or abuse any person.

41. Defendant's attempts to collect an alleged invalid or time-barred subrogation claim from Mr. Torvinen, violate 15 U.S.C. §1692d.

42. The FDCPA, at 15 U.S.C. §1692e, prohibits the use of any false, misleading or deceptive representation or means in connection with the collection of a debt, including the threat to take any action that cannot legally be taken.

43. Defendant's representation that it is collecting an alleged subrogation

claim is false. Nether Defendant nor State Farm has any subrogation claim against Mr. Torvinen. Even if Defendant or State Farm had a subrogation claim against Mr. Torvinen, any such claim is time-barred.

44. Defendant violated FDCPA §1692e (2) when it falsely communicated the character, amount, and legal status of the alleged debt to Mr. Torvinen.

45. Defendant's threats to seek suspension of Mr. Torvinen's driver's license and removal of his vehicle license plate registration violates FDCPA §1692e (5) because those actions cannot legally be taken by Defendant.

46. Defendant's false representation that Mr. Torvinen owed it monies on a "subrogation claim" that was either invalid or time-barred violated FDCPA §1692e (10).

47. Defendant violated FDCPA §1692e (11) when it failed to "disclose in (its) initial written communication with (Mr. Torvinen) and ... that (it was) attempting to collect a debt and that any information obtained will be used for that purpose."

48. Defendant again violated FDCPA §1692e (11) when it failed "to disclose in subsequent communications that the communication is from a debt collector."

49. Defendant violated FDCPA §1692f by unfairly and illegally attempting to collect a invalid or time-barred "subordiantion claim" against Mr. Torvinen.

50. Defendant violated FDCPA §1692f (1) by attempting to collect an alleged "subordiantion claim" that Mr. Torvinen did not agree to pay; and its attempt to collect such a claim is not permitted by law.

8

51. Defendant's conduct as alleged above was willful, oppressive, fraudulent, malicious, and done in reckless disregard of Mr. Torvinen's rights.

WHEREFORE, Plaintiff Jeffrey Torvinen requests:

A. Actual damages, pursuant to 15 U.S.C. § 1692k (a)(1), in an amount to be determined.

B. Statutory damages in the amount of $1,000 pursuant to 15 U.S.C. §1692k (a)(2).

C. Costs of this action and reasonable attorney fees pursuant to 15 U.S.C. §1692k (a)(3).

## Count II.
## Violations of the Michigan Collections Practices Act

52. Plaintiff incorporates the above paragraphs here.

53. Defendant inaccurately and untruly represented to Mr. Torvinen that he owed Defendant nearly $25,000 for an invalid or time-barred "subrogation claim" in its communications to collect a debt in willful violation of the Michigan Collection Practices Act, M.C.L. § 445.252(e).

54. Defendant misrepresented to Mr. Torvinen the legal status of a legal action it threatened; and Defendant's and Mr. Torvinen's legal rights. In fact, Mr. Torvinen owed no "subrogation claim" due to any such claim arising by law or agreement; or that it was time-barred, in willful violation of the Michigan Collection Practices Act, M.C.L. § 445.252(f).

55. Defendant's failure to implement procedures designed to prevent a violation of the Michigan Collection Practices Act willfully violated M.C.L. § 445.252(q).

WHEREFORE, Plaintiff Jeffrey Torvinen requests:

A. Actual damages, pursuant to M.C.L. § 445.257 in an amount to be determined.

B. Assessment of a civil fine against Defendants of three or more times Mr. Torvinen's actual damages pursuant to § 445.257(2).

C. Costs of this action and reasonable attorney fees pursuant to § 445.257(2).

<table>
<tr><td>Date: January 9, 2023</td><td>Respectfully submitted,<br>COTNER LAW OFFICES<br><br>/s/ Roger G. Cotner<br>Roger G. Cotner (P36569)<br>Attorney for Plaintiff<br>PO Box 838<br>Grand Haven, MI  49417<br>616-846-7153<br>roger@cotnerlaw.us</td></tr>
</table>

10