UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEFFREY TORVINEN,

    Plaintiff,

v.

SEATTLE SERVICE BUREAU, INC.,

    Defendant.

_____/

Case No. 2:23-cv-7

Hon. Hala Y. Jarbou

## OPINION

Plaintiff Jeffrey Torvinen brings this action against Defendant Seattle Service Bureau, Inc. ("SSB"). Torvinen alleges that SSB violated the Fair Debt Collection Practices Act ("FDCPA") and the Michigan Collection Practices Act ("MCPA"). Before the Court is SSB's motion to dismiss for failure to state a claim (ECF No. 9). For the reasons stated below, the Court will grant the motion as it relates to the FDCPA claim and decline to exercise supplemental jurisdiction over the MCPA claim.

### I. FACTUAL BACKGROUND

On August 8, 2021, Torvinen was operating a 2012 Polaris Ranger off-road vehicle in Silver Lake State Park's "ORV Area" when his vehicle collided with another vehicle driven by Paul Kramer. (Compl. ¶¶ 10-11, ECF No. 1.) Torvinen and Kramer filed a police report of the accident. (*See* Police Rep., ECF No. 1-2.) At the time of the accident, Torvinen had no insurance coverage. (Compl. ¶ 15.) But Kramer did, and he submitted a claim to his insurance company, State Farm Mutual. (*Id.* ¶ 16.)

On July 27, 2022, SSB sent Torvinen a letter stating:

> You have been named as the responsible party by our client STATE FARM INSURANCE CO., for the damages caused by you against their insured's property. As of this notice date, STATE FARM INSURANCE CO. has paid $24693.19 in damages on behalf of their insured and has assigned this claim to our office to pursue collections against you.

(7/27/2022 Letter, ECF No. 1-3, PageID.14.)  Torvinen responded to the letter on or about August 20, 2022, and requested a validation of the debt.  (Compl. ¶ 26.)  SSB then sent Torvinen a "5-DAY NOTICE" on August 29, 2022.  The notice stated:

> If this loss was due to your operation of a motor vehicle, and you did not have insurance coverage on the date of the accident with our client's insured, then you may be in violation of the financial responsibility laws of your state. In most cases your **DRIVER'S LICENSE and VEHICLE TAGS can be suspended or canceled if you are in violation of your particular state's financial responsibility laws**. Insurance is mandatory in most states. If this is the case, **and you do not respond to this written notice WITHIN 5 BUSINESS DAYS**, we may request **SUSPENSION OF YOUR DRIVER'S LICENSE**, and also **REMOVAL OF YOUR VEHICLE LICENSE PLATE REGISTRATION** based on the **FINANCIAL RESPONSIBILITY LAWS** of your state.

(8/29/2022 Notice, ECF No. 1-4, PageID.16.)  Lastly, on November 11, 2022, SSB responded to Torvinen's request for validation of the debt and provided him with documentation of the damage and an estimate of the repair.  (Compl. ¶ 30; SSB Resp. to Doc. Request, ECF No. 1-5.)

## II. STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court may dismiss a complaint for failure to state a claim.  To determine whether a pleading fails to state a claim, courts must ask whether the plaintiff has alleged "facts that, if accepted as true, are sufficient 'to raise a right to relief above the speculative level,' and . . . 'state a claim to relief that is plausible on its face.'"  *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plausible does not mean

2

probable, but the standard "asks for more than a sheer possibility that a defendant has acted unlawfully . . . . Where a plaintiff pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[W]hen it is clear that the plaintiff can prove no set of facts consistent with the allegations that would entitle him to relief[,]" the complaint fails to state a claim upon which relief could be granted. *Flanory v. Bonn*, 604 F.3d 249, 252-53 (6th Cir. 2010) (citing *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993)).

Assessment of the complaint under Rule 12(b)(6) must ordinarily be undertaken without resort to matters outside the pleadings; otherwise, the motion must be treated as one for summary judgment under Rule 56. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). "However, a court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016).

### III. ANALYSIS

SSB moves to dismiss Torvinen's complaint for failure to state a claim under the FDCPA and MCPA because, according to SSB, the money it requested from Torvinen is not a "debt" as defined by both statutes.

**A. FDCPA Claim**

The FDCPA aims to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). However, "[b]y the plain terms of the statute, not all obligations to pay are

3

considered 'debts' subject to the FDCPA. Rather, the FDCPA may be triggered only when an obligation to pay arises out of a specified transaction." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1371 (11th Cir. 1998) (internal citations and quotation marks omitted). The FDCPA defines a debt as "any obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to a judgment." 15 U.S.C. § 1692a(5). In this case, Plaintiff fails to state a claim as a matter of law because the "debt" SSB sought to recover does not fall within the FDCPA's definition.

In *Jamison v. Stuart Lippman & Assocs.*, No. 22-3310, 2023 WL 3194906 (6th Cir. Jan. 26, 2023), the plaintiff was involved in an automobile accident. The driver of the other vehicle carried insurance. The other driver's insurance company, relying on an incorrect police crash report, determined that the plaintiff was liable for damages in the amount of $6,388.61. The insurance company hired the defendant to recover the damages it had paid on behalf of the other driver, and the plaintiff sued the defendant alleging violations of the FDCPA.

The Sixth Circuit explained that "'the term 'transactions' [in the FDCPA] refers to business dealings best characterized as a 'consensual exchange involving an affirmative request' and 'the rendition of service or purchase of property or other item of value.'" *Id.* at *2 (quoting *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 583 (5th Cir. 2020) (citing *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009)). Therefore, the court concluded that the FDCPA "does not apply when a defendant attempts to collect damages resulting from alleged tortious conduct. And because a subrogation claim arising from a car accident does not constitute a debt for purposes of the FDCPA," the plaintiff failed to state a claim. *Id.* (citing *Fleming*, 581 F.3d at 925; *Hawthorne*, 140 F.3d at 1371; *Gross v. Maitlin*, 519 F. App'x 749, 751 (3d Cir. 2013) (per curiam)).

4

Similarly, the amount SSB requested from Torvinen on behalf of State Farm Mutual is a tort-based claim for the damage Kramer suffered when his vehicle collided with Torvinen's vehicle. The accident was neither a "consensual exchange" nor did it involve "an affirmative request and the rendition of service or purchase of property or other item of value." *Jamison*, 2023 WL 3194906, at *2 (internal citations and quotation marks omitted).

In an attempt to distinguish this case from *Jamison*, Torvinen argues that, unlike *Jamison*, SSB has no subrogation claim against him. Torvinen argues that SSB had no subrogation claim against him because his off-road vehicle is not a "motor vehicle" as is required for a subrogation claim to arise under Mich. Comp. Laws § 3101(3)(iv). (*See* Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss, ECF No. 14, PageID.67.) Whether characterized as a subrogation claim under Michigan law or not, the "debt" at issue must meet the FDCPA's definition in order to state a claim under the statute; and Torvinen cites no binding authority suggesting the contrary. Rather, in *Jamison*, the Sixth Circuit called the plaintiff's failure to challenge the subrogation claim itself "immaterial" to its holding. *Jamison*, 2023 WL 3194906, at *2. In light of *Jamison*, the money SSB sought to recover for a tort-based claim does not fall within the FDCPA's definition of a "debt." Therefore, the Court will dismiss Torvinen's FDCPA claim.

### B. MCPA Claim

Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal law claim is dismissed before trial, the court will dismiss the remaining state-law claim. *See Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims." (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1996))); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).

In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld*, 994 F.2d at 1182; *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotations omitted)). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Jonny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012). Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Accordingly, Torvinen's state law claim is properly dismissed without prejudice.

## IV. CONCLUSION

For the reasons stated above, the Court will dismiss the FDCPA claim with prejudice for failure to state a claim.[1] The Court further declines to exercise supplemental jurisdiction over the MCPA claim. An order will enter consistent with this Opinion.

Dated: June 29, 2023             /s/Hala Y. Jarbou
                                                    HALA Y. JARBOU
                                                    CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Torvinen has neither filed a motion to amend nor a proposed amended complaint. "'If a party does not file a motion to amend or a proposed amended complaint, it is not an abuse of discretion for the district court to dismiss the claims with prejudice.'" *Crosby v. Twitter, Inc.*, 921 F.3d 617, 627 (6th Cir. 2019) (quoting *CNH Am. LLC v. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. (UAW)*, 645 F.3d 785, 795 (6th Cir. 2011)).